NO. 07-08-0393-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 7, 2009



______________________________





IN THE INTEREST OF A.W.P. AND E.L.P., CHILDREN



_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 54,903-C; HON. ANA ESTEVEZ, PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 
On Joint Motion to Effectuate Settlement Agreement
          Appellant, Mark Frederick Postlewaite, perfected an appeal from the trial court’s
order in suit to modify parent-child relationship. Appellant and appellee, Rebecca LeeAnn
Postlewaite, have filed a Joint Motion to Reverse Judgment and Remand asserting that the
parties have reached a settlement agreement. This joint motion requests this Court to set
aside the judgment of the trial court without regard to the merits and remand the case to
the trial court for rendition of a judgment in accordance with the parties’ agreement. This
disposition is authorized by rules 42.1(a)(2)(B) and 43.2(d) of the Texas Rules of Appellate
Procedure. Finding the motion complies with the requirements of rules 6.6 and 42.1(a) of
the Texas Rules of Appellate Procedure, we vacate the judgment of the trial court and
remand for rendition of judgment in conformity with the parties’ agreement.
          Having disposed of this appeal at the parties’ request, we will not entertain a motion
for rehearing and our mandate shall issue forthwith.
Per Curiam



font-family: Arial"> 2. whether appellant is indigent and entitled to new appointed counsel;
and 

 

 3. if appellant is not indigent, whether retained counsel has abandoned
the appeal.



The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Friday, September 5,
2003 .

 It is so ordered.



 Per Curiam


Do not publish.